Timothy G. Tonkin (#020709)
**PHILLIPS & ASSOCIATES**
20 East Thomas Road, Suite 2500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900
Facsimile:   (602) 279-9155
Email: minute_entries@phillipslaw.ws

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY ARLOTTA, III, Individually,<br><br>  Plaintiff,<br><br>vs.<br><br>COALFIELD SERVICES, INC. a foreign corporation; TERENCE NECESSARY AND JANE DOE NECESSARY, husband and wife; JOHN DOES I-X; JANE DOES I-X; BLACK CORPORATIONS I-X; and WHITE PARTNERSHIPS I-X,<br><br>  Defendants. | Case No.: CV 08-2379 PHX-JWS<br><br>**PLAINTIFF'S MOTION TO REMAND CASE TO MARICOPA COUNTY SUPERIOR COURT** |

Plaintiff Anthony Arlotta, III, by and through his undersigned counsel, hereby moves this court to remand this matter back to the Maricopa County Superior Court where it first began, because the amount in controversy is less than $75,000. This Motion is supported by the attached Memorandum of Points and Authorities.

**I. Factual Background**

The Plaintiff was involved in an automobile collision while riding his bicycle on March 16, 2008. He filed a lawsuit (CV2008-029775) on November 24, 2008, in Maricopa County Superior Court. On December 31, 2008, Defendant filed a Motion for Removal to Federal Court based on diversity jurisdiction and claimed the amount in controversy was over $75,000.

1

Plaintiff's former counsel did not object to the removal. Undersigned counsel later substituted counsel within the same firm on April 14, 2009, and had determined the claims value is less than $75,000. This is a personal injury matter. Client has $34,054.23 in medical bills and suffered injuries to his head, wrist, and left radial fracture among other injuries. On July 6, 2009, Plaintiff offered to settle the case for $65,000. There was no response from Defendant.

## Memorandum of Points and Authorities

### A. The claim does not meet minimum amount required to give this Court Subject Matter Jurisdiction

The present case before the Court under the diversity of jurisdiction provision of 28 U.S.C. § 1332(a), which grants jurisdiction over civil disputes between citizens of different states where the amount in controversy exceeds $75,000. A defendant seeking to remove a case to federal court bears the burden of establishing federal jurisdiction, including any amount in controversy requirement. *Abrego v. The Dow Chemical Co.*, 443 F.3d 676 682-83 (9th Cir. 2006). There is a presumption against removal jurisdiction which applies with great force to a Defendant's arguments that the complaint frames an amount in controversy that exceeds the jurisdictional minimum. *Gaus v. Miles Inc.*, 980 F.2d. 564, 566 (9th Cir. 1992). Here, the complaint did not state a specific amount in damages. It simply prayed for Special and General Damages. The Defendant filed a motion for removal speculating that damages would exceed $75,000. After a new Plaintiff's Attorney was substituted, both Plaintiff and Defendant gave depositions and it was determined the amount in controversy was not in excess of $75,000.

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283(1938) the Court held, "if upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow." *Id*. at 292. On its face the complaint never asks for an amount that would exceed the jurisdictional limit for diversity jurisdiction. The Plaintiff has never asked for more than $65,000 and will stipulate that they will not seek

more than the jurisdictional limits, should this matter be sent back to Maricopa County Superior Court.

After a case has been removed from state to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts may consider post-removal evidence to clarify the amount in controversy at the time of removal. *Edison v. USAA Casualty Co.*, 2006 WL 1806188 (W.D. Wash 2006). Thus, where a plaintiff makes a stipulation that the amount in controversy will not exceed the jurisdictional limit, remand is proper. *See, Workman v. Kawaski Motor Corp.*, 794 F. Supp. 1010 (W.D. Mo. 1990) (Where a plaintiff makes a stipulation that the amount in controversy had a value less than that required for diversity jurisdiction, remand is proper).

Mr. Arlotta never pleaded a specific amount that would meet or exceed the statutory limit. All that has been offered to the court was the original complaint which is silent as to a monetary amount. Plaintiff's counsel has made an initial offer of $65,000 which is well under the jurisdictional limit. Defendants have made it clear that they do not believe the case is worth close to $65,000. Plaintiff is not trying to escape jurisdiction of the federal courts because removal was never proper at the onset of litigation. The only proof of damages that the Defendant offered was in their notice of removal at which time they claim that damages are in excess of $75,000. It was merely speculation that unfortunately for Plaintiff, was incorrect.

**B. The Defendant did not prove by preponderance of the evidence that the amount in controversy is over $75,000**

When a case is removed from state court to federal court by defendant's motion, the defendant must prove by a preponderance of the evidence that the court has jurisdiction. In *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856 (9th Cir. 1996) the court followed their decision in *Gaus* which held, "in removed diversity cases where the amount in controversy is

3

in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than $50,000, "the defendant bears the burden of actually proving the facts to support the jurisdiction, including the jurisdictional amount" *Gaus*, 980 F.2d at 566-67 (citing *Garza*, 752 F. Supp at 763). Here, the case was removed after Defendant claimed damages were in excess of $75,000. However, they never offered evidence to prove this assertion. Defendant's speculation expands federal jurisdiction which is exactly what *St. Paul Mercury Indemnity* was trying to prevent.

The Defendant then has to prove that it is more likely than not that the amount in controversy is over $75,000. If the Defendant did not meet the burden then the court should remand the case back to superior court "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) 1090. In *Matheson*, the complaint did not allege a specific amount of money, instead it sought damages, "in excess" of $10,000 for economic loss, "in excess" of $10,000 or emotional distress", and "in excess" of $10,000 for punitive damages. Similarly, Plaintiff in the present case made no request for a specific amount in the complaint. The Court has allowed the Defendant to speculate as to an amount and to bind the Court at the inception of this matter, but there is no proof by preponderance of the evidence that the amount in controversy is in excess of $75,000. Defendant has submitted nothing to the Court to indicate that Plaintiff is more likely than not going to receive $75,000 for his claim. Therefore this case must be remanded back to Maricopa County Superior Court.

/ / /

/ / /

## II. Conclusion

As Plaintiff will stipulate the amount in controversy is under statutory minimum, this court lacks subject matter jurisdiction and this case should be remanded to Maricopa County Superior Court.

## III. Relief Requested

Plaintiff requests this case be remanded to Maricopa County Superior Court where it originated.

RESPECTFULLY SUBMITTED this 18th day of September, 2009.

/s/ Timothy G. Tonkin
Timothy G. Tonkin, Esq.
20 East Thomas Road, Suite 2500
Phoenix, Arizona 85012
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 18th, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Felice F. Guerrieri, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Attorneys for Defendants
Email: guerrieri@lbbslaw.com


By: /s/ Rosie Thompson

5