UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ANTHONY ARLOTTA, III, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-02379 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| COALFIELD SERVICES, INC, *et al.*, | ) | [Re: Motion at Docket 26] |
| | ) | |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 26, plaintiff Anthony Arlotta, III moves to remand this action to state court based on the lack of federal subject matter jurisdiction.  At docket 27, defendants Coalfield Services, Inc., Terrence Necessary, and Joyce Necessary oppose the motion for remand.  Plaintiff replies at docket 28.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND

On November 24, plaintiff Anthony Arlotta, III filed a complaint against Coalfield Services, Inc., Terrence Necessary, Joyce Necessary, and other unnamed defendants,

in the Superior Court of the State of Arizona, in and for the County of Maricopa.[1] The complaint alleges that Terrence Necessary, while driving a Jeep and acting within the scope of his employment with Coalfield Services, Inc., struck and injured Arlotta, who was riding his bicycle. The complaint alleges state law claims of negligence, negligence per se, and vicarious liability, and requests general and special damages in unspecified amounts.

On December 31, 2008, defendants Coalfield Services, Inc. and Terrence Necessary removed this action to federal court pursuant to 28 U.S.C. § 1441(a), contending that the court has original jurisdiction based on diversity of the parties under 28 U.S.C. § 1332.[2] On September 18, 2009, Arlotta filed a motion to remand to state court, contending the court lacks subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.[3]

### III.  STANDARD OF REVIEW

Removal of a case from state to federal court is a question of federal subject matter jurisdiction.[4] "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."[5] The burden of establishing removal jurisdiction is on the proponent of federal jurisdiction.[6] "Where

---

[1] Doc. 1-1.

[2] Doc. 1.

[3] Doc. 26.

[4] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir. 1988).

[5] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[6] *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."[7]  "Where doubt regarding the right to removal exists, a case should be remanded to state court."[8]

## IV.  DISCUSSION

Plaintiff contends that removal of this action to federal court was improper because the amount in controversy does not meet the $75,000 jurisdictional threshold required by 28 U.S.C. § 1332(a)(1).  Because plaintiff's complaint did not specify the amount of damages sought, defendants "must prove by a preponderance of the evidence that the amount in controversy requirement has been met."[9]  "To make this determination, the court should consider, in addition to the complaint itself, 'facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal."[10]

Here, it is not facially evident from the complaint that the jurisdictional amount is satisfied.  Moreover, while the notice of removal states that the "amount in controversy exceeds the $75,000 minimum necessary for diversity jurisdiction,"[11] the notice of

---

[7] *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

[8] *Matheson*, 319 F.3d at 1990.

[9] Abrego Abrego, 443 F.3d at 683.

[10] *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007).

[11] Doc. 1 at p. 2.

removal does not provide any facts in support of that assertion. "Conclusory allegations as to the amount in controversy are insufficient."[12]

In support of his motion for remand, plaintiff represents that his claim's value is less than $75,000, and that he has incurred "$34,054.23 in medical bills and suffered injuries to his head, wrist, and left radial fracture among other injuries."[13] Plaintiff further states that he offered to settle this matter for $65,000, and "will stipulate that [he] will not seek more than the jurisdictional limits, should this matter be sent back to Maricopa County Superior Court."[14]

Defendants reference three documents in support of their opposition. First, defendants attach a copy of an e-mail dated December 23, 2008, indicating that "[p]laintiff not stipulate to this case being worth less than $75,000.00," which responds to defendants' e-mail stating that the "case should be removed to Federal Court on the basis of diversity unless Plaintiff is going to stipulate he is seeking not more than $75,000."[15] Second, defendants reference a proposed Joint Case Management Report, which is undated and was not filed with the court. The report states in pertinent part, "Plaintiff has incurred medical expenses and will incur future medical expenses and other related damages all in an amount greater than $75,000."[16] Third, defendants

---

[12] *Matheson*, 319 F.3d at 1090-1091.

[13] Doc. 26 at p. 2.

[14] Doc. 26 at 2-3.

[15] Doc. 27-1 at p. 2.

[16] Doc. 27-1 at p. 7.

attach a copy of an e-mail from plaintiff's counsel dated August 5, 2009, which states that plaintiff "authorized a settlement demand in the amount of $65,000."[17]

On the record before the court, it does not appear "more likely than not" that the amount in controversy exceeds $75,000.[18] Defendants do not cite any facts showing that the amount in controversy satisfied the jurisdictional requirement at the time of removal. Rather, defendants suggest that plaintiff has admitted that the amount in controversy exceeds $75,000. However, plaintiff's refusal to stipulate to this case being worth less than $75,000 at the outset of this action does not amount to an admission, nor does a proposed joint case management report which was not filed with the court. To the extent defendants seek to rely on plaintiff's assessment of his claim's value, plaintiff has represented that he has incurred $34,054.23 in medical bills, offered to settle this matter for $65,000, and will stipulate that he will not seek more than the jurisdictional limits should this matter be remanded to state court. Based on the above, defendants have failed to prove by a preponderance of the evidence that the amount in controversy requirement has been met.

"Federal courts are courts of limited jurisdiction."[19] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[20] Because defendants have failed to establish by a preponderance of the evidence that

---

[17] Doc. 27-1 at p. 12.

[18] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[19] *Stevedoring Services of America, Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992).

[20] *A-Z Intern v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

the amount in controversy exceeds $75,000 and plaintiff has represented that he will not will not seek more than the jurisdictional limits should this matter be remanded to Maricopa County Superior Court, the court will grant plaintiff's motion and remand this action to state court.

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion for remand at docket 26 is **GRANTED**, and this action is **REMANDED** to the Superior Court of the State of Arizona, in and for the County of Maricopa.

DATED  this 22nd day of October 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE